GAYLON BULLARD AND DELYGHTE BULLARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bullard v. Commissioner
Docket No. 27422-90
United States Tax Court
T.C. Memo 1993-39; 1993 Tax Ct. Memo LEXIS 41; 65 T.C.M. (CCH) 1844; 16 Employee Benefits Cas. (BNA) 1537; February 2, 1993, Filed *41 Decision will be entered under Rule 155. For Petitioners: Rex S. Whitaker. For Respondent: James F. Prothro. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1987 in the amount of $ 31,707. Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for decision only whether the 10-percent additional tax on early distributions under section 72(t) [1] applies to the distribution to petitioner Gaylon Bullard in the amount of $ 85,838. All of the facts have been stipulated and are found accordingly. Petitioners resided in Hico, Texas, at the time of the filing of their petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1987. The date of birth of *42 petitioner Gaylon Bullard is September 11, 1934. Prior to 1987, petitioners were shareholders, corporate officers, and employees of Bullard Well Service & Rental Tool, Inc. (the corporation), an S corporation. As employees of the corporation, petitioners participated in the Bullard Well Service Profit Sharing Plan (the plan), which was a qualified plan under section 401(a). In early 1987, the corporation discontinued its operations and petitioners were terminated as employees of the corporation. As a result of their separation from service, petitioners received lump-sum distributions (the distributions) from the plan in the amounts of $ 85,838 to Gaylon Bullard and $ 28,299 to Delyghte Bullard. At the time of receiving the distributions, petitioners had attained the age of 50 years but petitioner Gaylon Bullard had not attained the age of 55 and did not attain that age during 1987. On their joint income tax return for 1987, petitioners reported the distributions using Form 4972, Tax on Lump-Sum Distributions, to elect the 5-year averaging method for reporting lump-sum distributions. Petitioners later filed an amended return on which they elected 10-year averaging instead of *43 5-year averaging. Respondent does not question the use of the 10-year averaging method but in the notice of deficiency determined that the distributions were subject to the 10-percent additional tax on early distributions from qualified retirement plans (the additional tax). On brief, respondent conceded that the $ 28,299 distribution to Delyghte Bullard was not subject to the additional tax. Section 402(a)(1) provides the general rule that amounts distributed from a qualified plan are taxable to the recipient in the same manner as annuities. An exception is the separate tax on lump-sum distributions (the separate tax), which is set forth in section 402(e). The separate tax permits the taxpayer to use income averaging in reporting lump-sum distributions. Sections 402(e)(3) and 62(a)(8) allow the taxpayer to deduct from gross income the total amount of the lump-sum distribution taxed under the separate tax. The Tax Reform Act of 1986 (1986 Act), Pub. L. 99-514, 100 Stat. 2085, made several changes to the taxation of the receipt of distributions from qualified plans. Section 1122 of the 1986 Act amended section 402(e) to require use of 5-year averaging instead of 10-year averaging *44 for reporting lump-sum distributions received after December 31, 1986. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1122(a) and (h)(1), 100 Stat. 2085, 2466, 2470. The 1986 Act contained two transitional rules that allow certain taxpayers to use the old rule of 10-year averaging. One of the transitional rules is in section 1122(h)(3) and (5) of the 1986 Act. Under this transitional rule, a taxpayer may use 10-year averaging if the taxpayer attained age 50 before January 1, 1986, and elects income averaging as to the lump-sum distribution. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1122, 100 Stat. 2085, 2470-2472. Since petitioners had attained age 50 by January 1, 1986, they were eligible to elect 10-year averaging. Another change the 1986 Act made to the taxation of distributions from qualified plans was the addition of section 72(t), which was made applicable to taxable years beginning after December 31, 1986. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1123, 100 Stat. 2085, 2472. Section 72(t) provides for a 10-percent additional tax on distributions from qualified retirement plans unless the distribution falls under one of the exceptions listed in section 72(t)(2). *45 [2] The committee reports indicate that one of the reasons for enacting section 72(t) was to deter the use of retirement savings for nonretirement use. H. Rept. 99-426 (1985), 1986-3 C.B. (Vol. 2) 728-729; S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 612-613. *46 Petitioners do not contend that Gaylon Bullard's distribution falls within any of the enumerated exceptions to the additional tax. Instead, petitioners argue that the relationship between sections 402 and 72(t) leads to the conclusion that the additional tax does not apply if the lump-sum distribution is taxed under section 402(e). Petitioners' claim that since section 402(e) provides for a "separate tax" on lump-sum distributions, this separate tax is imposed in place of the tax imposed by section 72(t). Petitioners put emphasis on the term "separate tax". However the term "additional tax" is used to describe the tax in section 72(t). The tax under section 402(e) is a "separate tax" because it is a tax that is separate from the tax under section 402(a) which is normally imposed on distributions from qualified plans. The "additional tax" imposed by section 72(t) is in addition to the taxes under section 402(a) or 402(e). Petitioners further contend that lump-sum distributions are not included in gross income. Therefore, since section 72(t)(1) provides that the additional tax applies to amounts which are "includible in gross income", petitioners argue that lump-sum distributions *47 are not subject to the additional tax. Gross income is defined as "income from whatever source" and this would certainly include lump-sum distributions. Sec. 61. Nowhere in the Internal Revenue Code is there an exclusion from gross income for lump-sum distributions. Instead, when computing the separate tax on lump-sum distributions under section 402(e), the amount of the lump-sum distribution taxed under section 402(e) is deducted from gross income. Sec. 402(e)(3). The deduction under section 402(e)(3) is from gross income, meaning that the amount of the lump-sum distribution will be included in gross income only to be deducted in order to attain the taxpayer's adjusted gross income. Sec. 62(a)(8). Since lump-sum distributions are included in gross income, the additional tax applies to lump-sum distributions that otherwise qualify for the additional tax under section 72(t). Petitioners argue that the transitional rule in section 1122(h)(3)(A) of the 1986 Act should be interpreted to allow taxpayers who qualify for 10-year averaging to avoid the additional tax. We disagree with petitioners. First, the averaging provisions of section 402 and section 1122 of the 1986 Act are *48 not directly related to the additional tax of section 72(t), which was created by section 1123 of the 1986 Act. Secondly, the additional tax was added by the same act that allowed for 10-year averaging for persons who had attained the age of 50 by December 31, 1986, but Congress did not enact a similar provision for the additional tax. It is a well-settled principle that "exemptions from taxation are not to be implied; they must be unambiguously proved". . In , affg. , the Court pointed out that a "'claim for exemption must rest upon language in regard to which there can be no doubt as to its meaning, and that the exemption must be granted in terms too plain to be mistaken'. ". The only cases we have found discussing the appropriateness of the additional tax imposed by section 72(t) to a lump-sum distribution with respect to which another tax has been paid are *49 and , affd. . The contentions made in those cases in support of the taxpayers' position that the additional tax imposed by section 72(t) was inapplicable to the lump-sum distribution received differ from the contentions of petitioners in the instant case. However, it is worthy of note that in both of those cases the additional tax imposed by section 72(t) was held to apply. We sustain respondent's determination that the lump-sum distribution to petitioner Gaylon Bullard is subject to the additional tax imposed by section 72(t). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Sec. 72(t) provides in relevant part: (t) 10-PERCENT ADDITIONAL TAX ON EARLY DISTRIBUTIONS FROM QUALIFIED RETIREMENT PLANS. -- (1) IMPOSITION OF ADDITIONAL TAX. -- If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income. (2) SUBSECTION NOT TO APPLY TO CERTAIN DISTRIBUTIONS. -- Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions: (A) IN GENERAL. -- Distributions which are -- (i) made on or after the date on which the employee attains age 59-1/2, (ii) made to a beneficiary (or to the estate of the employee) on or after the death of the employee, (iii) attributable to the employee's being disabled within the meaning of subsection (m)(7), (iv) part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or the joint lives (or joint life expectancies) of such employee and his designated beneficiary, or (v) made to an employee after separation from service on account of early retirement under the plan after attainment of age 55, or (vi) dividends paid with respect to stock of a corporation which are described in section 404(k).↩